IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN GLEN BOHON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-CV-0349-CVE-FHM |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. ## 7, 8). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss shall be granted.

*BACKGROUND*

On May 23, 2003, Petitioner was convicted by a jury of one count of Lewd Molestation in Rogers County District Court, Case No. CF-2001-87. He was sentenced to six (6) years imprisonment. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on May 27, 2004, his conviction was affirmed (Dkt. # 8, Ex.3). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On December 1, 2003, Petitioner filed a motion for judicial review of his sentence pursuant to Okla. Stat. tit. 22, § 982a. See Dkt. # 8, Ex. 4 at 17. On December 18, 2003, the state district

court denied review. See id. Petitioner filed a second motion for judicial review of his sentence on July 23, 2004. A hearing was held on August 18, 2004, and continued several times over the next few months. The state district court denied this second request on April 29, 2005. Id. at 20.

More than one year later, on September 1, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 4 at 20. By Order filed March 16, 2007, the state district court denied post-conviction relief. Id. at 21. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed May 9, 2007, in No. PC-2007-368, the OCCA affirmed the state district court's denial of post-conviction relief. See www.oscn.net.

The instant petition for writ of habeas corpus was filed by Petitioner on June 20, 2007 (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>        (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>
>        (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can be extended under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of 28 U.S.C. § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on August 25, 2004, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F. 3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on August 25, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 25, 2005, would be untimely.

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period which ended on August 25, 2005. Both the first motion for sentence modification, filed on December 1, 2003, and the second motion for sentence modification, filed on July 23, 2004, were filed before the limitations deadline. However, a motion for judicial review pursuant to Okla. Stat. tit. 22, § 982a, does not qualify for tolling

3

because the decision whether to grant relief is discretionary and an order denying relief is not appealable. See Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446, n.2 (10th Cir. Aug. 2, 2005) (unpublished opinion, cited pursuant to 10th Cir. R. 32.1(A) for persuasive value) (determining that because motions for judicial review, filed pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).

In addition, Petitioner's application for post-conviction relief does not toll the limitations period because it was filed on September 1, 2006, or more than a year after the limitations period had already expired on August 25, 2005. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only post-conviction applications properly filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001). Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition, filed June 20, 2007, or almost two (2) years after expiration of the limitations period, is clearly untimely.

The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In response to the motion to dismiss, Petitioner asserts that he has made a diligent effort to litigate his cause, that he is actually and factually innocent, and that his "extraordinary grounds for review"

make him eligible for equitable tolling. See Dkt. # 9 at 2. The Court disagrees. Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has not shown any extraordinary circumstances beyond his control that prevented his filing a timely petition. Gibson, 232 F.3d at 808. Further, his claim of actual and factual innocence fails because he must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Petitioner makes a conclusory statement that "equitable tolling can be substantiated" and a "strong showing has been made," but he fails to identify any new reliable evidence affirmatively demonstrating his innocence. See Dkt. # 9 at 3. Finally, the record does not demonstrate that Petitioner has pursued his claims diligently but was prevented from filing a timely petition due to extraordinary circumstances. See Gibson, 232 F.3d at 808. Petitioner waited more than two (2) full years after the OCCA affirmed his conviction on direct appeal before filing his application for post-conviction relief. Thus, the record does not support a finding of diligence by Petitioner. The Court finds Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. As a result, Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 3) is **dismissed with prejudice.**

**DATED** this 6th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT